CLIFFORD H. TORRENS *vs.* HORACE F. GREEN.

Penobscot.    Opinion July 8, 1916.

*Costs allowed prevailing party in civil cases. Interpretation of Chapter 117, Section 14, R. S.*

By R. S., chap. 117, sect. 14, the prevailing party is entitled to costs for travel only from his place of residence in this State to the place of trial.

Action on the case for an alleged assault and battery committed by defendant, tried at nisi prius, Penobscot county. Verdict was rendered for plaintiff in the sum of one dollar. Plaintiff alleged in his writ that he was a resident of the City of Bangor, county of Penobscot, State of Maine. His attorney also was a resident of

the city of Bangor.   After verdict, plaintiff made an affidavit setting forth, that for the purposes of this trial, he had traveled from, and intended to immediately return to, New Haven, Connecticut, where he was employed temporarily, and claimed costs based on that mileage.   In taxing the costs, the clerk of court allowed mileage to and from the line of the State, which finding was affirmed by the Justice presiding.   Defendant filed exceptions to this ruling.   Exceptions sustained.

Case stated in opinion.

*Albert L. Blanchard,* for plaintiff.

*John B. Merrill,* for defendant.

SITTING: SAVAGE, C. J., KING, HANSON, PHILBROOK, MADIGAN, JJ.

SAVAGE, C. J.   This case involves a construction of section 14 of chapter 117 of the Revised Statutes, relating to costs allowable to a prevailing party in a civil suit for his travel to the place of trial.   The plaintiff, who was the prevailing party, and his attorney both live in Bangor.   The trial was in the supreme judicial court in Bangor.   The plaintiff had been temporarily in Connecticut at work, and actually traveled from Connecticut to Bangor for the special purpose of attending court in this case.   And he claims that he should recover the statutory allowance of thirty-three cents for every ten miles travel both ways.

We think the plaintiff is entitled to costs for travel only from his place of residence to the place of trial.   The first paragraph of section 14 places no limit upon the distance traveled.   But the second paragraph says that the costs for travel shall be taxed "according to the distance of said party or his attorney who resides nearest to the place of trial, unless said prevailing party or his attorney who resides farthest from the place of trial actually travels the greater distance for the special purpose of attending court in such cause."   And there is a further provision that costs for travel shall not be allowed in the superior and supreme judicial courts for more than forty miles, unless the prevailing party actually travels a greater distance for the special purpose of attending court.   We think the place of residence is made the starting point

for computation in all cases. If the party and his attorney reside at different distances, costs are allowed only for the distance of the nearer one of the two from his residence to the place of trial, except where the one who resides the greater distance actually travels that distance to court, in which case costs are allowed for the greater distance; but only from his place of residence. And the forty mile limitation already mentioned also has reference to the distance from the place of residence to the place of trial.

In this case the plaintiff is entitled to costs for travel for one ten miles, thirty-three cents each way, or sixty-six cents in all. By the ruling excepted to, he was allowed for travel from the state line at Kittery to Bangor. This was error.

*Exceptions sustained.*